IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EFRAIN PEREZ (TDCJ #1306199), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0915 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Efrain Perez (#1306199), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 1994 state court conviction. Perez concedes in his memorandum of law that this is the second federal habeas corpus petition filed to challenge this conviction. (Doc. # 2). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.    PROCEDURAL HISTORY

According to the petition and supporting memorandum, a state grand jury returned an initial indictment against Perez, charging him with capital murder in cause number 673359. In particular, Perez was accused in connection with the brutal murder and sexual assault of

two teenage girls, Jennifer Ertman and Elizabeth Peña, during the course of a gang initiation.

The State of Texas dismissed the original indictment and "re-indicted" Perez, lodging similar

charges against him in cause number 675446.  Perez was re-indicted a final time in cause

number 94-1441.  On September 15, 1994, a jury in the 263rd District Court found Perez

guilty as charged of capital murder.  Based on the jury's answers to certain special issues,

Perez was sentenced to death by lethal injection.  The Texas Court of Criminal Appeals

affirmed the conviction.  *See Perez v. State*, Appeal No. 72,021 (Tex. Crim. App. Oct. 23,

1996) (unpublished).  Subsequently, the Texas Court of Criminal Appeals denied his

application for a state writ of habeas corpus under Article 11.071 of the Texas Code of

Criminal Procedure.  *See Ex parte Perez*, Writ No. 48,614-01 (Nov. 21, 2001) (unpublished).

On March 6, 2002, Perez filed his first federal habeas corpus petition, seeking relief

from his conviction and sentence of death.  In that petition, Perez raised four grounds: (1)

the trial court violated his right to a public trial by conducting a portion of the voir dire in

a locked, generally inaccessible room; (2) the trial court violated his right to due process by

denying his motion for a change of venue; (3) trial counsel provided ineffective assistance

by not aggressively seeking to suppress his confession and by failing to give a detailed

closing argument during the guilt/innocence phase of the trial; and (4) the death sentence was

unconstitutional because of Perez was only 17 years of age at the time of the offense.  The

district court rejected all four of the grounds raised by Perez and granted the respondent's

motion for summary judgment.  *See Perez v. Cockrell*, Civil Action No. H-02-0908 (S.D.

Tex. Dec. 18, 2002) (unpublished).  The United States Court of Appeals for the Fifth Circuit

refused a certificate of appealability. *See Perez v. Cockrell*, 77 Fed. App'x 201, 2003 WL

21704420 (5th Cir. July 23, 2003).  The United States Supreme Court denied a writ of

certiorari. *See Perez v. Dretke*, 540 U.S. 1221 (2004).  As Perez explains in his pleadings,

the Governor of Texas subsequently commuted his death sentence to a term of life in prison

following the Supreme Court's decision in *Roper v. Simmons*, 543 U.S. 551 (2005), which

struck down the death penalty for offenders who were under 18 years of age at the time of

their capital crimes.

On June 12, 2006, Perez filed a second state habeas corpus application with the trial

court.  In that application Perez purportedly complained that, after the dismissal of his

original indictment in cause number 673359, the 263rd District Court lacked subject matter

jurisdiction over the charges lodged against him in cause number 94-1441.  According to the

official website for the Texas Court of Criminal Appeals, this application was denied on

October 25, 2006.[1]  *See Ex parte Perez*, Writ No. 48,614-02.

---

[1]      Perez does not provide the final date in his petition, stating: "You have this date, I don't."
(Doc. # 1, Petition at  4).  The website for the Texas Court of Criminal Appeals reports that
the application was denied on October 25, 2006. *See* Texas Court of Criminal Appeals,
www.cca.courts.state.tx.us (last visited March 29, 2006).

Perez filed the pending federal habeas corpus petition on March 12, 2007.[2]  Perez

presents several related grounds for relief, each of which concerns his claim that the 263rd

District Court lacked jurisdiction in cause number 94-1441, following the dismissal of his

original indictment in cause number 673359 and subsequent re-indictment in cause number

675446.  Perez argues that his re-indictment violates the Double Jeopardy Clause found in

the Fifth Amendment to the United States Constitution, among other things, that his

indictment was fundamentally defective, and that the state habeas corpus court erred in

concluding otherwise.  After considering all of the pleadings and the applicable law, this

Court concludes that the petition must be dismissed for reasons discussed more fully below.

## II.     DISCUSSION

The petition presented by Perez appears barred by the governing one-year statute of

limitations on federal habeas corpus review.  *See* 28 U.S.C. § 2244(d).  The statute of

limitations, however, is not the most immediate procedural hurdle that Perez must clear in

this federal habeas corpus proceeding.  This case is governed by the Anti-Terrorism and

Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b),

which was enacted to make it "significantly harder for prisoners filing second or successive

---

[2]     The Clerk's Office received the petition on March 16, 2007.  Under the mail-box rule, courts
treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the
filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v.
Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).
The date on the petition is scratched out and is not legible.  (Doc. # 1, Petition at 9).  The
memorandum of law filed by Perez, however, is dated March 12, 2007.  (Doc. # 2, at 11).
Likewise, the pleadings are post-marked March 12, 2007, showing that they were placed in
the prison mail system on that date.  Accordingly, the petition is deemed filed on March 12,
2007.

federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000).  In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.   28 U.S.C. § 2244(b)(3)(A).  If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir.), *cert. denied*, 540 U.S. 910 (2003). The claims in this case, which primarily involve challenges to the indictment and the trial court's jurisdiction, could have and should have been presented previously.   Thus, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*.  *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir.), *cert. denied*, 520 U.S. 1267 (1997).  Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application.  *See* 28 U.S.C. § 2244(b)(3)(A).  This statute "acts as a jurisdictional bar to the

district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone*, 324 F.3d at 836 (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). As the Fifth Circuit has explained, the very purpose of § 2244(b)(3)(A) was "to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *Key*, 205 F.3d at 774 (citing *In re Cain*, 137 F.3d at 235). The petitioner has not presented the requisite authorization. Absent such authorization, this Court lacks jurisdiction over the petition. Accordingly, the petition must be dismissed for lack of jurisdiction as an unauthorized, successive writ.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The background and history of the petitioner's state and federal proceedings are well

documented in court records.  The Court concludes that jurists of reason would not debate

whether the procedural ruling in this case was correct.  Accordingly, a certificate of

appealability will not issue in this case.

**IV.    CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.     This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction.

2.     A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on <u>March 29</u>, 2007.

Nancy F. Atlas
United States District Judge